CONSUMERS GAS & OIL, INC., a Colorado farm cooperative in liquidation, on behalf of itself and others similarly situated, Plaintiffs,

v.

FARMLAND INDUSTRIES, INC., a Kansas farm cooperative; James L. Rainey; G.C. Matthiesen; Harry D. Cleberg; J.D. Atwood; Tim R. Daugherty; Stephen P. Dees; G.E. Evans; R.W. Honse; Earl L. Knauss; H. Wayne Rice; and B.L. Sanders, Defendants.

Civ. A. No. 92–F–1394.

United States District Court, D. Colorado.

Nov. 29, 1993.

Kirk Rider, Yeulin ·V. Willett, Younge & Hockensmith, P.C., Grand Junction, CO, Richard G. Sander, Robert J. Potrykus, Jr., Popham, Haik, Schnobrich & Kaufman, Ltd., Denver, CO, Frank A. Taylor, Popham, Haik, Schnobrich & Kaufman, Minneapolis, MN, for plaintiffs.

G. Stephen Long, Daniel F. Wake, Coghill & Goodspeed P.C., Alvin D. Shapiro, Kansas City, MO, for defendants.

## ORDER AND FINAL JUDGMENT APPROVING AND IMPLEMENTING FAIRNESS OF CLASS ACTION SETTLEMENT

SHERMAN G. FINESILVER, Chief Judge.

On June 30, 1993, the parties entered into a Stipulation of Settlement in the captioned matter, one week prior to the commencement of trial. Following the Court's preliminary approval of the settlement on August 5, 1993, and notice to all Class Members, the parties' request for an order finally approving the settlement came before the Court on November 23, 1993.

A brief description of the matter and the settlement is first in order. On May 19, 1993 this Court entered an Order Certifying the following Plaintiff class:

*Class.* Class shall mean:

All dissolved, liquidated or inactive cooperatives, who (A) are at one time active members of Farmland Industries, Inc. ("Farmland") and either (B) currently hold a vested interest in Farmland's unpaid profits represented by book entries called "Capital Credits" made by Farmland during the period from January 1, 1980 through January 4, 1993, or (C) who held a vested interest in such Capital Credits during the period from January 1, 1980 through January 4, 1993, and who have sold any or all of such Capital Credits, and who were damaged thereby.

"Settling Class Members" refers herein to all Class Members that did not opt out of the litigation or that did file a Proof of Claim after adequate notice.

The named Plaintiff, Consumers, is a local farm cooperative that was organized and exists under the laws of the State of Colorado. Consumers brought this suit on behalf of itself and the members of the Class. Consumers has been in liquidation since 1981.

Defendant Farmland Industries, Inc. ("Farmland") is a Kansas farm cooperative. The Defendants in the Farmland Litigation include Farmland and certain present and former officers of Farmland. Collectively, Farmland and the individual defendants shall be referred to as the "Farmland Defendants."

The lawsuit asserted that Farmland, aided and abetted by the Individual Defendants, violated the law by failing to redeem, pay cash for, equity held in Farmland by the Class Members reflected by book entries called Capital Credits, Series of 10.

Consumers asserts, both individually and as a representative of the Class, that the conduct of the Farmland Defendants with respect to the redemption of Capital Credits and subsequent conduct of the Farmland Defendants violated the Securities Exchange Act of 1934 and Rule 10b–5 thereunder and violated certain provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO). Consumers has further alleged that the Farmland Defendants have breached their fiduciary duty under state law to the members of the Class by refusing to redeem Capital Credits when their own financial interests were served thereby. Consumers has also alleged that the Farmland Defendants have been unjustly enriched through the prolonged retention of the capital represented by the Capital credits, and seeks res-

titution to the Class of the amount of the enrichment.

Each of the Defendants filed an Answer denying all allegations of wrongdoing and denying any liability on the legal theories proposed by Plaintiff or other members of the Class. The Farmland Defendants each asserted several defenses, including that the time has passed for filing Consumers' claims, that Consumers' claims are not supported by the facts, and that Farmland's Board of Directors and its officers exercised reasonable business judgment in determining which equities should be redeemed during each year that Farmland earned a profit.

This Court has jurisdiction over the parties to and the subject matter of this action pursuant to: (i) 15 U.S.C. §§ 78aa, et seq. (the Securities Exchange Act of 1934); (ii) 18 U.S.C. § 1964(a) (Equity) and § 1964(c) (Rights to Sue and Treble Damages) (the "Racketeer Influenced Corrupt Organizations Act"); (iii) 28 U.S.C. § 1332, (diversity of citizenship); and (iv) pendent jurisdiction.

The Stipulation of Settlement was reached after repeated and lengthy arm's length efforts at mediation and settlement, with the physical presence and active participation of the entire Plaintiffs' Steering Committee, the Executive Committee of the Farmland Board of Directors and the Court through Special Master Donald Kelly and Chief Magistrate Judge Donald Abram. The Stipulation of Settlement divides the Class into four Subclasses, as more fully described below, and establishes differing procedures and timetables for the proof and payment of the claims of each Subclass. The 23 page Stipulation of Settlement provides for four (4) subclasses as follows:

"Subclass I(A)" describes dissolved, liquidated or inactive cooperatives whose "Capital Credits, Series of 10" were issued by Farmland on or prior to August 31, 1990, excluding those who opted out of the Class.

"Subclass I(B)" describes dissolved, liquidated or inactive cooperatives whose "Capital Credits, Series of 10" were issued by Farmland after August 31, 1990, and on or before January 4, 1993 (the close of the Class Peri-

od), excluding those who opted out of the Class.

"Subclass II(A)" describes dissolved, liquidated or inactive cooperatives that transferred, voluntarily or involuntarily, their "Capital Credits, Series of 10" to banks or other financial institutions, but which have retained some legal or equitable right, title or interest in said Capital Credits, Series of 10, such that they have a right to receive all or part of any redemption payment. The nature and extent of these retained rights has not been finally determined in all cases as of the date of the November 23, 1993 Hearing on the Fairness of Class Action Settlement.

"Subclass II(B)" describes holders of "Capital Credits, Series of 10" that sold for value their Capital Credits to active members of Farmland for less than face value between August 31, 1990 and January 4, 1993. Counsel for the parties have advised the Court that supplemental orders may be required to finally determine who the Members of Subclass II(A) and Subclass II(B) are, but they agree that the Court has before it sufficient evidence to make the findings set forth herein, and enter its order finally approving the fairness of the settlement, with the reserved power to enter supplemental orders as may be necessary.

The Members of Subclass I(A), as reflected in Exhibit A hereto, will receive payments in redemption of their "Capital Credits, Series of 10," at par value (less attorneys fees and expenses), in three installments. On or before December 1, 1993, $2,000,000 is to be deposited into the escrow fund established pursuant to the Stipulation of Settlement. The remaining balance of "Capital Credits, Series of 10" held by the Members of Subclass I(A) shall be redeemed at par value in two equal installments on October 1, 1994 and October 1, 1995. Each payment, less attorneys fees and costs as approved by the Court, shall be distributed to Subclass I(A) Members by the Claims Administrator as soon as the necessary calculations are made following each payment.

The "Capital Credits, Series of 10" held by Members of Subclass I(B) shall be retired by Farmland's payment on October 1, 1996 of

the par value thereof, $943,079.28, to the Escrow Agent for distribution (less attorneys fees and expenses) in accordance with the Stipulation of Settlement.

The putative Members of Subclass II(A) have claimed an interest in Capital Credits. It is not clear how many have adequately established their interest in such Capital Credits at this time. If necessary, a special master shall determine the extent and validity of the interests held by these putative Class Members. Payments in redemption of the Capital Credits eventually determined to be owned by Members of Subclass II(A) shall be made by Farmland to the Escrow Agent in two equal installments on October 1, 1994, and October 1, 1995, or at such time as the Members' claim has been finally determined, whichever is later.

Among the putative members of Subclass II(B) that have submitted claims, it has not been determined how many have adequately established their interest in such Capital Credits at this time. The Members of Subclass II(B), if any, shall receive payment of their claims (after attorneys fees and expenses) at the time of the distribution made to Settling Class Members pursuant to the December 1, 1993 disbursements or, if the claims have not been determined as of that date, at the time of the next subsequent distribution to Settling Class Members.

The Stipulation of Settlement provides that $500,000 of the $2,000,000 to be paid to the Escrow Agent on December 1, 1993 shall be applied by the Escrow Agent against costs and expenses of Plaintiffs in this litigation as may be approved by the Court, with Farmland to receive credit against the outstanding balance of "Capital Credits, Series of 10" for such payment. To the extent that costs and expenses of the litigation and settlement exceed $500,000, such amounts are to be withheld from payments made under the Stipulation of Settlement in such a way that each Member of the Class pays a pro rata share of the expenses (disregarding any difference that may exist between the times of payment of such amounts).

With this background, and based upon the evidence before the Court, as more fully described below, the Court makes the following findings and orders:

## I. *FAIRNESS OF THE SETTLEMENT.*

An initial consideration is the fairness and appropriateness of the settlement as to all Class Members.

The Court has independently and objectively analyzed the Stipulation of Settlement, as well as all other evidence presented to determine whether this settlement is in the best interests of the Settling Class Members, whose claims will be extinguished upon approval and final implementation of the settlement. In so doing, this Court has judged the fairness of the proposed settlement by weighing the Plaintiffs' likelihood of success on the merits against the amount and form of relief offered in the settlement. *Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n. 14, 101 S.Ct. 993, 998 n. 14, 67 L.Ed.2d 59 (1981). On the other hand, the Court has not decided the merits of this case or resolved the significant legal issues of liability and damages presented, but has instead focused on whether the proposed settlement is fair, reasonable and adequate.

In examining the fairness of the proposed settlement, the Court makes the following findings:

1. The Notice sent to Class Members was, on its face, fair, complete and adequate and the parties used best efforts to disseminate Notice to all interested parties. The Notice to Settling Class Members is in all respects proper and adequate and complies with due process.

2. No person at the November 23, 1993 hearing objected to the settlement.

3. No opposition from absent Class Members has been expressed despite diligent efforts to disseminate to them sufficient information to allow them to evaluate the fairness of the settlement.

4. In spite of this lack of opposition, the Court has approached this settlement mindful of its role as guardian for the absent parties, and has exercised its discretion accordingly.

5. Significant issues existed concerning liability and damages had this matter proceeded to trial.

6. The amounts involved, and the substantial legal issues already discussed, provided a high likelihood of appeal after trial, with further delay, expense and uncertainty for the litigants.

7. The Settlement is a great improvement over continued litigation as is evidenced by the lack of objection. It is not in the best interest of the class to proceed.

8. The litigation has been energetically contested, by able counsel on both sides, on a demanding timetable, with extensive effort devoted to many contested substantial and procedural issues. The Court notes over seventeen (17) separate files have been generated by this case which reflects the intensity of the litigation.

9. The settlement was reached in the absence of collusion and the parties have proposed the settlement in good faith.

10. As is the policy in all cases in this Court, this litigation was set for trial within one year from the date of filing. The Stipulation of Settlement was reached within this timetable.

11. The Settlement was brought to fruition after lengthy arms-length efforts at mediation and settlement, with the physical presence and active participation of the entire Plaintiffs' Steering Committee and the executive committee of the Farmland board of directors, assisted by experienced and capable counsel, and following substantial discovery. The active assistance of Chief Magistrate Donald Abram contributed to settlement efforts.

12. The relief embodied in the proposed settlement is adequate consideration for the surrender by the Settling Class Members of their litigation rights against Farmland, with all Class equities to be redeemed within three years after the settlement's approval, over 90% of such amounts being paid within two years.

The settlement as to the Members of Subclasses I(A) and I(B) is hereby APPROVED as fair, reasonable and adequate. The payments to be made to Members of Subclasses I(A) and I(B) do not appear to require any further determination as to their amounts and times, and Class Co-counsel are ordered to submit a schedule of such payments for each Class Member in accordance with this approval. Although some further work may be necessary to determine the exact amounts, if any, to be paid to those persons making claims as Members of Subclasses II(A) and II(B), the fairness of the settlement as to those Subclasses is also APPROVED.

In the event that potential members of Subclass II claim an interest herein and timely challenge the adequacy of notice, the matter shall be referred to a Special Master for a recommendation to the Court. All recommendations are to be served on counsel.

## II. IMPLEMENTATION OF THE SETTLEMENT.

The Settlement is being finally approved effective November 23, 1993. The Court encourages counsel to expeditiously complete the steps necessary to fully implement the Settlement for all parties. The Court is advised that certain Class Members may seek to make a sale of their rights under this Settlement. This would allow these Class Members to complete their liquidations even before all scheduled Settlement payments are made. Any such sale will require a definitive calculation of net distributions to be made to those Members over time. Class Counsel are directed to prepare for the Court's approval at the earliest practicable time a schedule of such net distributions to each Class Member after the deduction of all attorneys' fees and costs.

First Interstate Bank of Denver, N.A. is hereby appointed as Escrow Agent under this Order and the terms of the Stipulation of Settlement. The services of Vincent Zarlengo, Esq., Causey, Demgen & Moore, Inc., Denver, Colorado, as Claims Administrator, shall be charged to each Class Member on a per-transaction basis for distributions, and to members of particular subclasses on a pro-rata basis for time billed relating to those subclasses.

This action and all claims asserted therein against the individual Defendants, James L. Rainey, G.C. Matthiesen, Harry D. Cleberg,

J.D. Atwood, Tim R. Daugherty, Stephen P. Dees, G.E. Evans, R.W. Honse, Earl L. Knauss, H. Wayne Rice and B.L. Sanders, is hereby dismissed with prejudice.

Until the settlement has been fully satisfied, senior management of Farmland will not recommend to Farmland's Board of Directors that any redemption amounts shall be paid by Defendant Farmland to holders of Capital Credits, Series of 10, who are not Class Members, pursuant to series which are higher in number than the highest series (of the Series of 10) of the Settling Class which have at that point been fully or partially redeemed by reason of this Settlement.

This Order shall be considered an implementation of the Stipulation of Settlement. The Stipulation of Settlement shall not be considered merged into this Order or superseded by it.

If Defendant Farmland fails to make any payment required by this Order on a timely basis, then upon written notice of default to the General Counsel of Defendant Farmland, at 3315 North Oak Trafficway, Kansas City, Missouri 64116, said notice to be sent by certified mail, return receipt requested, Defendant Farmland shall have 10 days from the date of receipt or rejection of the certified mail to cure said default. If Defendant Farmland fails to cure such default within such 10 day period, all amounts due under Section 3 which have not previously been paid by Defendant Farmland shall become immediately due and payable.

All members of Subclasses I(A), I(B), II(A) and II(B) that have not validly opted out of the litigation shall conclusively be deemed to have released any and all claims, actions, causes of actions, rights or liabilities against the named Defendants arising out of, based upon or otherwise related to the claims presented in the Second Amended Complaint—Class Action. All such Class Members are barred and permanently enjoined from instituting, asserting or prosecuting, either directly, representatively, derivatively or in any other capacity, any and all claims which the Class Members or any of them have or had against the named Defendants arising out of, based upon, or otherwise related to

the claims presented in the Second Amended Complaint—Class Action.

Without affecting the finality of this Judgment in any way, the Court reserves continuing jurisdiction over the implementation and enforcement of the terms of the Stipulation of Settlement and any issues relating to Subclass membership, notice to Class Members, distributions to Class Members, allocation of expenses among the Class, disposition of unclaimed payment amounts, and all other aspects of this action, until all acts agreed to be performed under the Stipulation of Settlement shall have been performed and the final order of dismissal referenced above has become effective or until October 1, 1996, whichever occurs latest.

This order constitutes our findings of fact and conclusions of law. The Court hereby enters this as judgment of the Court and this judgment shall be deemed final. The parties shall pay their or its own costs.

It is so Ordered.